1  Robert F. Brennan, Esq. [S.B. #132449]
   **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2  2103 Montrose Ave., Suite D
   Montrose, Ca. 91020
3  Phone [818] 249-5291
   FAX [818] 249-4329
4  Email: rbrennan@brennanlaw.com

5  Attorney for: Plaintiff: Gregory S. Miller

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| GREGORY S. MILLER, an Individual, | Case No.:  2:21-cv-5737 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | |
| TESLA ENERGY OPERATIONS, INC, a business entity, form unknown; EQUIFAX INFORMATION SERVICES LLC, is a business entity, form unknown, and DOES 1-10, Inclusive, | 1. FAIR CREDIT REPORTING ACT.<br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br>3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT. |
| Defendants. | **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

   1. Plaintiff GREGORY S. MILLER ("Plaintiff") is a resident of San Diego County, State of California.

   2.  Defendants EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX"), is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about consumers and which then publishes such information in credit reports available to its subscribers.  TESLA ENERGY OPERATIONS, INC ("TESLA") is a company,

---

COMPLAINT FOR DAMAGES

which among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

COMPLAINT FOR DAMAGES
2

     d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

     e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

     f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

     5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about December 1, 2015, Plaintiff signed an agreement to have solar panels installed on his home in Chula Vista, California. The terms of this agreement were under a "Power Purchase Agreement" (PPA), where Plaintiff did not own any of the equipment, instead, paid Solar City (now TESLA) for energy produced from the panels at a pre-arranged rate per Kilowatt Hour, similar to the electric company. *This was not a loan or a lease.* Plaintiff chose this type of arrangement to ensure that the solar system would not reflect on his debt-to-income ratio, or report on his credit report.

9. On or about late in March 2021, Plaintiff discovered that TESLA was reporting his account to EQUIFAX when he was attempting to refinance his home. With the TESLA debt appearing on his credit report Plaintiff did not qualify for the refinancing of his home. It took weeks of explaining to the mortgage company underwriter before they finally approved his loan. During that period his interest rate went up 1/8 of a point more than he had originally negotiated, which was 2.625% but instead, he had to settle for 2.75%, and even then this required work from multiple people to get approved. Plaintiff's wife has been extremely upset over this TESLA situation since Plaintiff had promised her that getting the PPA

would never affect their financial stability.

10. On or about April 14, 2021, Plaintiff sent a dispute letter to EQUIFAX disputing the TESLA account with the high credit amount of $36,248, first detected by Plaintiff in late March 2021, as inaccurate and requested that the TESLA account be removed from his credit report.

11. On or about May 15, 2021, EQUIFAX replied to Plaintiff's dispute letter in a report with Confirmation #1114543835. Their investigation results were that they verified that the TESLA account was correctly appearing on Plaintiff's credit report and the account would remain on his credit report.

12. This has damaged Plaintiff in many ways, starting with a) the refinancing of his home; b) Plaintiff had to pay in cash for a large purchase that he was planning to finance, and c) this has jeopardized his ability to finance a vehicle for his wife who will be going back to work soon and needs reliable transportation. This has been a dreadful and traumatic experience for Plaintiff as he was forced to use savings to make large purchases that he had planned on financing for over a year.

13. To say that this has caused much stress for Plaintiff and his wife is an understatement. Plaintiff has used savings for purchases that he never planned for. Plaintiff always made sure to maintain a high credit score, to avoid these types of problems. Plaintiff experienced humiliation in dealing with the mortgage company and begging for a loan that Plaintiff should have easily qualified for. The lack of sleep since this has happened and dealing which Plaintiff's wife who feels it is Plaintiff's fault for agreeing to the PPA in the first place. Extreme frustration of not being able to resolve this on his own and not knowing if or when he will be able to purchase a vehicle for his wife. This unwarranted debt appearing on his EQUIFAX credit report has caused Plaintiff extreme embarrassment, and lack of sleep not to mention the higher monthly mortgage every month, and the fact that he was forced

to pay cash for something he should have been able to finance.

14. On information and belief, EQUIFAX sent dispute notices to TESLA thereby activating TESLA'S obligations to Plaintiff under the Fair Credit Reporting Act.

15. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit profile. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

16. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct a reasonable investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof.

17. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at the time of trial. Plaintiff spent hours researching and evaluating the contracts for his solar system very specifically so that it would not be considered an "owned system" where he would carry any debt. When the TESLA account hit his credit report years after the contract was signed, it was very disturbing and surprising causing Plaintiff undue stress, humiliation, loss of sleep, and having to pay a higher monthly mortgage payment every month. Specifically, Plaintiff has been damaged by the improper reporting of total outstanding debts, and debt-to-income ratios, affecting his financial wellbeing. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs, and attorney fees.

18. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because having adequate and reasonable procedures would cost more, and because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to Plaintiff and are not disclosed to the borrowing public at large.

///

///

///

---

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST TESLA AND DOES 1-10, INCLUSIVE.

19. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

20. Within two years prior to the filing of the complaint in this action, defendants TESLA and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

21. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff, which Defendants TESLA and DOES 1-10, Inclusive knew, or should have known, was incomplete or inaccurate.

22. Each of the Defendants TESLA and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants TESLA and DOES 1-10, Inclusive's policies and practices hinder and obstruct adequate and meaningful reinvestigations and that each defendant knows of this effect of its policies and practices.

23. As a proximate result of the willful and negligent actions of the Defendants TESLA and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. Plaintiff spent hours researching and evaluating the contracts for his solar system very specifically so that it would not be considered an "owned system" where he would carry any debt. When the TESLA account hit his credit report years after the contract was signed, Plaintiff was devastated. Specifically, Plaintiff has been damaged by the improper reporting of total outstanding debts,

and debt-to-income ratios, affecting his financial wellbeing. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs, and attorney fees.  Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT VS. TESLA AND DOES 1-10, INCLUSIVE

24.  Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

25.  Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Under this definition, TESLA and DOES 1-10, Inclusive, all qualify as "debt collectors".

26.  Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act.  TESLA and DOES 1-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e and Section 1692f, as follows:

a. 15 USC 1692e (2): making false representations concerning the character, amount or legal status of any debt;

b. 15 USC 1692e (5): making threats to take legal action that cannot legally be taken;

c. 15 USC 1692e (8): communicating to any person credit information which is known or which should be known to be false;

d. 15 USC 1692f (1): attempting to collect an amount not authorized by the

agreement creating the debt or permitted by law;

e. The above-referenced sections of FDCPA is not intended to be exhaustive, and the Plaintiff reserves the right to plead additional violations of FDCPA as facts become known.

27. As a result of these violations of the California Fair Debt Collection Practices Act by TESLA and DOES 1-10, Inclusive, Plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these Defendants for conduct amounting to oppression and malice under California law. In addition, Plaintiff is entitled to attorney's fees, costs, and expenses.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: July 15, 2021        LAW OFFICES OF ROBERT F. BRENNAN, P.C.

By: /s/ Robert F. Brennan_____
Robert F. Brennan
Attorneys for Plaintiff